IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shanita McKnight, <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:07-cr-00787-TLW-1 <br> C/A No. 4:17-cv-02573-TLW <br><br><br> **Order** |

This matter comes before the Court for consideration of a filed by Petitioner Shanita McKnight entitled "Pursuant to Amendment 794 for Minor Role Adjustment and Sentence Reduction Based on United States v. Quintero-Leyva." ECF No. 241. Because this filing challenges her underlying sentence, the Court construes it as a petition for relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court dismisses the petition.

## I. Factual and Procedural History

Petitioner was convicted at trial of charges of drug conspiracy and extortion by a public employee. The Court sentenced her to 240 months incarceration on both counts. ECF No. 162. She filed a direct appeal, and the Fourth Circuit affirmed. *United States v. McKnight*, 386 F. App'x 384 (4th Cir. 2010).

Petitioner timely filed a § 2255 petition, which the Court denied on the merits after briefing. ECF Nos. 187, 219. She filed a direct appeal, and the Fourth Circuit affirmed. *United States v. McKnight*, 512 F. App'x 309 (4th Cir. 2013).

On or about September 22, 2017, Petitioner filed the instant § 2255 petition, in which she

1

asserts that she should be resentenced in light of Amendment 794 to the sentencing guidelines.[1] She has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this successive petition.

## II. Discussion

The Court does not have jurisdiction to consider Petitioner's petition. She has filed a previous § 2255 petition and has not obtained permission from the Fourth Circuit to file a successive petition. A successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 petition, the present petition is successive. She has not received an order from the Fourth Circuit authorizing a successive petition. Consequently, the Court is without jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a successive petition under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court

---

[1] Amendment 794 revised the application notes to § 3B1.2 to clarify when the minor role reduction applies. It went into effect on November 1, 2015.

of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

## III. Conclusion

For these reasons, Petitioner's petition for relief pursuant to § 2255, ECF No. 241, is **DENIED**. This action is hereby **DISMISSED**.[2]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that she "has made a substantial showing of the denial of a constitutional right." The Court concludes that she has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that she may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of

---

[2] Furthermore, Petitioner would not be entitled to relief even if this were not a successive petition. She references *United States v. Quintero-Layva*, 823 F.3d 519 (9th Cir. 2015) for the proposition that the minor role reduction is retroactively applicable, but that case is distinguishable because there, the defendant's case was on direct appeal when Amendment 794 went into effect. *Quintero-Layva* merely stands for the proposition that a guideline amendment may be applied retroactively when it goes into effect before a case becomes final. Here, in contrast, Petitioner's case had been final for about five years before Amendment 794 went into effect, and she has not cited any authority (nor is the Court aware of any) for the proposition that Amendment 794 applies retroactively to a case that has become final. Thus, *Quintero-Layva* does not support Petitioner's argument.

Additionally, Petitioner would not be entitled to relief because an erroneous application of the sentencing guidelines is not cognizable on collateral review pursuant to § 2255. *See United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015).

Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

December 7, 2017
Columbia, South Carolina