IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:07-cr-00787-TLW-1 |
| v. | **Order** |
| Shanita McKnight | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant was convicted at trial of two counts: Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 846 (Count 1); and Extortion by a Public Employee, in violation of 18 U.S.C. § 1951(a) (Count 2). Her statutory sentencing range on Count 1 was 10 years to Life, followed by at least 5 years of supervised release. PSR ¶¶ 96, 100. At sentencing, her Guidelines range was 292 to 365 months, followed by 5 years of supervised release. PSR ¶¶ 97, 103; ECF No. 163 at 1. The Court granted her motion for a downward departure and departed two levels, which reduced her Guidelines range to 235 to 293 months (38/I). ECF No. 163 at 2. The Court imposed concurrent 240-month terms of imprisonment on each count, followed by concurrent 5-year and 3-year terms of supervised release on Counts 1 and 2, respectively. ECF No. 162.

1

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged her with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280 grams.

The Fourth Circuit recently held that a defendant convicted of a multi-object drug conspiracy case involving crack and some other drug is still eligible for a reduction even though the Fair Sentencing Act only modified the penalties associated with crack. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). Thus, Defendant is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Gravatt* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Gravatt*, 953 F.3d at 264.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) she was held accountable at sentencing for a crack weight (119 kilograms) that would have clearly supported a charge to the current threshold amount (280 grams); (2) her statutory penalties would have been the same if the Fair Sentencing Act had been in place at the time of his sentencing because she was also convicted of conspiring to possess with intent to distribute 5 kilograms or more of cocaine;[1] and (3) she was also convicted of extortion for abusing her position as a police officer by informing known drug dealers of pending law enforcement activity, which increased the likelihood of them avoiding capture or detection. For these reasons, the Court declines to reduce her sentence, and her motion and amended motion, ECF Nos. 250, 256, are therefore **DENIED**.

---

[1] She was held accountable for a cocaine weight of approximately 15.1 kilograms, though the PSR relied solely on the crack weight to calculate her total offense level. *See* PSR ¶¶ 52, 66. This was presumably because the crack weight alone put her in the highest offense level on the drug quantity table. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c)(1) (Nov. 2008) (providing that a crack weight of 4.5 kilograms or more results in a base offense level of 38).

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

June 30, 2020
Columbia, South Carolina

4